BROCKI5NBROUGH, J.,
delivered the opinion of the court. The first and most important objection to the proceedings and judgment in this case, is, that the indictment is incurably defective; that it does not set forth any offence at all; and that the judgment ought to have been arrested.
It is a general rule, in indictments, that the special matter of the whole fact ought to be set forth with such certainty, that it may judicially appear to the court, that the indictors have proceeded upon sufficient premises. 1 Chitty’s C. R. 227; Hawk. P. C. B. 2, ch. 25, $ 57. But an indictment clogged with so much unnecessary matter, as to perplex and confuse the case, and to render it difficult to perceive the real charge intended to be exhibited, is highly objectionable. This indictment is obnoxious to the objections which the counsel for the plaintiffs in error has made to it. It consists of a long detail of circumstances from which the impropriety of conduct of the defendants may be inferred, rather than a direct charge of official misconduct. “The want of a direct allegation (says Hawkins, Ibid. $60,) of any thing material in the description of the substance, nature or manner of the crime, cannot be supplied by any intendment or implication whatsoever.”
What is the criminal fact with which it is intended to charge these justices? It is that, they formed a court (with the aid of two others alleged to be innocent) on the second day of the (November term &c. at which they ordered it to be entered of record, that Burks, who was nominated to *them by the high sheriff as his deputy, was a man of honesty, probity and good demeanour; and permitted him to qualify as deputy. This, of itself, so far from being a crime, was, as the law stood at that day, a legal and valid act; for the statute authorized the court of the county, whether consisting of four only, or of sixteen or any other number, to enter of record their opinion (if it be their opinion), that the person appointed a deputy sheriff is a man of honesty, probity and good de-meanour ; and then to permit him to qualify. But if they do not entertain that opinion; or if they know that he is not a man of honesty &c. and certify that he is; in that falsehood, in that corrupt conduct, consists their offence, their official misbehaviour. The scienter is a material part of the substance of this crime, of which there is no direct allegation in this indictment; and it cannot be supplied by any implication or intendment whatever. There is one part of the count, in which a scienter is laid; but the scienter of what? “The defendants well knowing the premises” &c. Bet us ascertain what were those premises. They were, that on the preceding day, the high sheriff nominated Burks as one of his deputies; that a court of sixteen justices assembled; that a statement was made that Burks had been guilty of highly improper and corrupt conduct, while acting on a former occasion as deputy sheriff, which statement was corroborated by the admission of the said Burks’s counsel, that the fact charged against him (without stating what that fact was) was proved in a trial at law; that twelve of that court refused to enter of record an opinion of his honesty &c. but that four voted in favor of Burks, three of whom were the defendants; and that they and the fourth were the relations of the high sheriff and deputy. These are the premises, which the defendants are charged with well knowing. They are not sufficient to ground a reasonable inference, that they knew that Burks was dishonest: they might not have believed the statement; they *484 might not have thought, that the corroborating admission was of any consequence; they might have *had a better knowledge of Burks’s character, than the other twelve. But even if the inference was irresistible, that they did know, his dishonesty, it would not be sufficient; it would not supply the want of a direct allegation to that effect.
It is a well established principle, that a judicial officer cannot be prosecuted criminally, for any judgment rendered by him, however illegal, unless rendered from some motive of malice, partiality or corruption. Much less can such a prosecution be carried on, where the act done is within the pale of his lawful authority, without such corrupt motive. In indictments of this character, it is usual to charge the judgment or thing done, to be done corruptly, wickedly or maliciously. We do not say, however, that the word corruptly is a term of art, or technical term, like the words feloniously, burglariously &c. which must necessarily be used. The motive which is here alleged, namely, to carry into effect their own private feelings, and personal views without any regard to the interest, and welfare of the people, or the administration of justice, may probably be considered as a sufficient assignment of a corrupt -motive. And if the indictment had alleged, that, with that motive, the defendants had made the entry on the record, well knowing that the said Richard H. Burks was not a man of honesty, probity and good demeanour, it would have probably been sufficient without alleging, in terms, that it was done .corruptly. But the omission of the scienter is just as fatal as the omission of the word murdravit would be in an indictment for murder.
If this substantial allegation had veen made, then the circumstances so laboriously set out in the indictment, would have been evidence proper to be laid before the jury, to enable them to ascertain, whether the defendants sinned knowingly or not. But, however formidable the array of circumstances, it is not equivalent to a direct allegation.
The court is of opinion, that the indictment would have been bad on demurrer: and the majority of the court is of opinion, that the defect in the indictment is not cured by the statute of jeofails in criminal cases; the offence not being in substance set forth with convenient certainty.
*It is unnecessary to give an opinion on the other numerous objections made by the counsel for the plaintiffs in error, to the proceedings set forth in the record.
MAY, J.
The record, in this case, is so replete with error, that it matters little on what point the judgment be reversed: but I cannot concur in the opinion that it ought to have been arrested, on account of the insufficiency of the indictment. It would clearly have been bad on general demurrer; and to me it seems, that the authorities cited against it prove nothing more. Every act necessary to be charged upon the defendants, as constituting official misbe-haviour, is charged, clearly and distinctly. The defect is, that it is not alleged, that the defendants well knowing that Burks | was not a man of probity &c. did nevertheless certify that he was; and in violation of law, admitted him to qualify as deputy sheriff. But it is alleged, that he was charged with corruption in office; that this-charge, and his conduct and character, were investigated before a court of sixteen magistrates including the three defendants ;■ and that, by a vote of twelve justices to four, that court refused to make the certificate, and to allow him to qualify. The indictment then charges, that these defendants (two of them being relations of Burks, and the other a brother of the high sheriff) well knowing the premises, but seeking and contriving, under mere colour and pre-tence of their office &c. to carry into effect their own private feelings and personal views, without any regard to the interest and welfare of the people of the county, or' the administration of justice therein, and in despite of the fair, open and deliberate expression of sentiment, which had been pronounced in a full court &c. did combine and associate together, to form another court, for the purpose of admitting Burks, to qualify as deputy sheriff; and, the next day, without giving any notice of their intention, and without any new evidence, the defendants with two other justices, formed a court, at an early hour, in the morning, and caused it to be entered of record, that Burks was a person of probity *&c. and admitted him to qualify as deputy sheriff.” Ido not agree with the attorney general, that this is to be regarded as an indictment for a conspiracy ; but lam of opinion,’that (in the words of the statute) it does “plainly and in substance, set forth, with convenient certainty,” though not with technical precision, a charge, that these defendants,, with full knowledge of the unfitness and unworthiness of Burks, and of a decision to that effect by a large majority of a full court, did illegally and improperly certify, that he was a man of probity &c. and permit him to qualify as deputy sheriff, in a manner highly unbecoming their office and without regard to their duty and the public welfare; and that this charge is so stated “as to enable the court to give judgment thereupon, according to the very right of the case.” This, after verdict, would be sufficient.
Tn the opinion of MAY, J., on this point, SAUNDERS and DANIEL, J., concurred.
Judgment reversed.